UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

      Plaintiff,

v.               Case No. 22-cv-708-pp

BARBARA DELAP, JOHN SCHETTLE,
BELINDA SCHRUBBE and DOES,

      Defendants.

**ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND AS MOTION TO ALTER JUDGMENT (DKT. NO. 9), DEFERRING RULING ON MOTION AND ALLOWING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

  Joshua Howard, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants breached a settlement agreement reached in a previous case (Howard v. Schrubbe, Case No. 14-cv-1157-pp (E.D. Wis.)) and violated his constitutional rights. The court screened the complaint under 28 U.S.C. §1915A and dismissed the case without prejudice for lack of subject matter jurisdiction. Dkt. No. 7. The plaintiff has filed a motion for leave to amend the complaint along with a proposed amended complaint. Dkt. Nos. 9, 9-1. The court will construe the plaintiff's motion to amend as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The plaintiff's proposed amended complaint does not state a claim, but the court will give the plaintiff an opportunity to file a second amended complaint. The court will defer ruling on the plaintiff's motion to amend the complaint (construed as a

1

motion to alter or amend judgment) until the plaintiff has filed the second amended complaint.

## I. Plaintiff's Motion to Amend Complaint, Construed as Motion to Alter or Amend Judgment (Dkt. No. 9)

In his motion to amend the complaint (which, given that it was filed after the court had entered judgment dismissing the case, the court is construing as a motion to alter or amend that judgment), the plaintiff states that his proposed amended complaint states a federal claim because he alleges that the defendants were deliberately indifferent to his serious dental needs based on their failure to provide treatment in the last "almost four years and counting." Dkt. No. 9 at 1-2. He also states that he seeks rescission of the settlement agreement in Case No. 14-cv-1157 due to the material breach, which would return the parties to their pre-settlement positions, making supplemental jurisdiction over his state law claim appropriate. Id. at 2.

It is not procedurally proper for a plaintiff to file a motion for leave to amend the complaint in a closed case. Once the court enters judgment, a plaintiff may amend his complaint only if he convinces the court to vacate or set aside that judgment under Federal Rule of Civil Procedure 59(e) or 60(b). See Foster v. DeLuca, 545 F.3d 582, 583 (7th Cir. 2008); Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit advises courts to give litigants at least one chance to amend a complaint before dismissing with prejudice and entering final judgment, but the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing

2

Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v Girl Scourts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)).

The court dismissed the case without prejudice for lack of subject matter jurisdiction over the plaintiff's state law claim that the defendants breached the settlement agreement in Case No. 14-cv-1157, after finding that the plaintiff had not stated a claim under federal law because his allegations that the defendants violated federal law amounted to a claim that they had violated the settlement agreement; the complaint did not make any allegations against the defendants that do not relate to their alleged breach of the settlement agreement in Case No. 14-cv-1157. Dkt. No. 7 at 10 (defendants DeLap, Schettle and Schrubbe) and 11 (defendant Doe). The court also found that it lacked jurisdiction over the plaintiff's supplemental state law claim for breach of the settlement agreement in Case Number 14-cv-1157. Dkt. No. 7 at 12-13. The court did not give the plaintiff an opportunity to file an amended complaint, nor did it explain why it did not do so. The court should have explained that it was not giving the plaintiff the opportunity to file an amended complaint because another attempt to pursue his claim that the defendants breached the settlement agreement in Case No. 14-cv-1157 in federal court would be futile. See Childress v. Walker, 787 F.3d 433, 441 (7th Cir. 2015) (the court need not provide plaintiff with opportunity to amend the complaint if amendment would be futile). Because the court did not give this explanation in its order dismissing the case without prejudice, it will construe the plaintiff's

3

motion to amend the complaint as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

The court has reviewed the plaintiff's proposed amended complaint under 28 U.S.C. §1915A. While the plaintiff's proposed amended complaint fails to state a claim, the court will give the plaintiff an opportunity to file a second amended complaint and it will not rule on the plaintiff's motion to alter or amend judgment until he does so (or until the deadline for him to do so passes).

**II.     Proposed Amended Complaint's Allegations**

In his proposed amended complaint, the plaintiff has sued Barbara DeLap, who was the dental director of the Department Corrections ("DOC") Bureau of Health Services; John Schettle, who was a dentist at Waupun Correctional Institution; and Belinda Schrubbe, who was the Health Services Unit manager at Waupun.[1] Dkt. No. 1 at 1. The plaintiff sued these individuals in Case Number 14-cv-1157 and the plaintiff's amended complaint is another attempt to litigate his claim that the defendants breached the settlement agreement in that case. He alleges:

> The defendants are or were medical professionals within the DOC and the plaintiff is an inmate. In 2014 he sued the defendants for being deliberately indifferent to his serious dental needs for several years and in 2019 they reached a settlement agreement which required them to send him to an outside dentist for treatment at their expense. The defendants sent him to an outside dentist for partial treatment in 2019 but a part of the bill was not paid and negatively attributed to the plaintiff's credit report. The defendants have failed to arrange for the remaining treatment and his dental

---

[1] The proposed amended complaint does not include the defendants' former job titles, so the court has obtained this information from the original complaint.

> health has deteriorated. This action is raising a breach of contract claim and a claim that by withholding treatment from 2020 to the present they were deliberately indifferent to his serious medical needs.

Dkt. No. 9-1 at ¶1.

The plaintiff alleges that between 2002 and 2014, Schettle filled only two of plaintiff's many cavities. Id. at ¶¶2-4. The plaintiff states that in September 2014, he filed Case Number 14-cv-1157 alleging in part that the defendants were deliberately indifferent to his serious dental needs by taking several years to fill only those two cavities. Id. at ¶5. He alleges that in 2019 the parties signed an agreement which required the defendant to "within 90 days refer [the plaintiff] to a non-DOC community dentist for a dental examination and treatment" and provided that the "DOC agree[d] to pay for this treatment and to follow the recommendations provided by the referral dentist." Id.

The plaintiff alleges that on June 9, 2019,[2] a Dr. Lehnert of Princeton Dental Care examined his teeth, identified several cavities near the gum lines that needed filling and recommended additional work on a broken tooth that Dr. Schettle had repaired. Id. at ¶6. About three months later, the plaintiff allegedly began his treatment at Dental Associates, Ltd., and the dentist there agreed with Dr. Lehnert's assessment and told the plaintiff that he would need to do the work over the course of at least two appointments. Id. at ¶7. The dentist allegedly filled the cavities on the left side of the plaintiff's mouth. Id. The plaintiff alleges that he was not sent out for further treatment in 2019 and

---

[2] The complaint states 2016, but this appears to be a typo.

then for about six months of 2020 all off-site appointments were cancelled due to COVID-19. Id. at ¶8. He says that once off-site appointments were allowed again, he was not placed on the list. Id.

The plaintiff states that he was still waiting for treatment in 2021 when the court closed Case Number 14-cv-1157 under the parties' joint stipulation of dismissal.[3] Id. at ¶9. The plaintiff alleges that in April 2021, he checked his credit report and learned that a collections agency had reported an unpaid bill to Dental Associates. Id. at ¶10. He says he then filed his Rule 60(b) motion in Case Number 14-cv-1157 seeking to reopen the case due to the defendants' failure to pay for his initial treatment and schedule his remaining treatment. Id. at ¶11. The plaintiff alleges that in their response to his Rule 60(b) motion, the defendants admitted that due to an oversight the bill had not been paid and the plaintiff had not been put on the list for off-site dental treatment. Id. at ¶12. They also allegedly said that because it had been more than a year since his last appointment, he would have to have an evaluation appointment prior to any work being done. Id. The plaintiff alleges that in July 2021, he was taken to Dental Associates where the dentist found three new cavities. Id. at ¶13. The plaintiff allegedly told the dentist that since his last visit he had started to experience pain around the molars on the right side of his mouth in addition to the pain and sensitivity he previously reported. Id.

---

[3] The parties filed a joint stipulation of dismissal on February 12, 2021. Howard v. Schrubbe, Case No. 14-cv-1157-pp (E.D. Wis.), Dkt. No. 58. The plaintiff was represented by court-recruited *pro bono* counsel.

The plaintiff alleges that in November 2021, he transferred to another institution, and he immediately wrote to "dental" and asked if he was still on the wait list for off-site treatment.[4] Id. at ¶14. The plaintiff says that "dental" replied that the "Director" was on vacation, but that they would ask upon "their return." Id. The plaintiff states that he has written to dental twice more throughout 2022 and they keep saying they will look into it. Id. at ¶15.

The plaintiff alleges that the defendants have no intention of scheduling the remaining treatment that Dr. Lehnert recommended. Id. at ¶16. He says that the defendants "materially breached their obligation under the settlement agreement when they failed to pay for the treatment provided by Dental Associates Ltd. and when they fail to schedule his remaining treatment that was recommended by the referral dentist." Id. at ¶17. The plaintiff claims that the defendants' breach has substantially destroyed the purpose of the settlement agreement which was to fully treat the plaintiff's dental needs in a timely manner. Id. at ¶18. He says that some of the untreated cavities are decades old and cause him significant pain daily as it hurts whenever he eats or drinks or cold beverage. Id. at ¶19.

The plaintiff states, "[a]ware that, in addition to the years of delay preceding the filing of '1157, the plaintiff had gone without treatment during

---

[4] The plaintiff was incarcerated at Waupun Correctional Institution when he filed Case Number 14-cv-1157 and he complained of events that occurred at the institution. According to the Wisconsin Department of Corrections inmate locater website, he transferred to Green Bay in 2017 and, except for two days at MSDF, he remined there until he transferred to Fox Lake Correctional Institution on November 24, 2021. See appsdoc.wi.gov/lop/details/.

the four years prior to the settlement, the defendants displayed further deliberate indifference to his serious dental needs when they intentionally failed to provide him with the necessary treatment throughout 2019, 2020, 2021 and now 2022. Id. at ¶20. The plaintiff states that DeLap, Schettle and Schrubbe's failure to provide treatment for his serious dental needs from October 2019 to the present violates his rights under the Eighth Amendment. Id. at ¶21. For relief, the plaintiff seeks rescission of the settlement agreement in Case Number 14-cv-1157. Id. at 6. He also requests declaratory relief as well as nominal, compensatory and punitive damages. Id.

## III. Discussion

The court's order screening the original complaint states in relevant part:

> The plaintiff's complaint rehashes allegations from his other case, 14-cv-1157, and discusses how he believes the defendants in that case breached the settlement agreement. As described above, in April 2019 the parties signed a settlement agreement in 14-cv-1157 and on February 16, 2021, the court approved the parties' joint stipulation of dismissal and dismissed the case. On May 7, 2021, the plaintiff filed his Rule 60(b) motion in which he sought to reopen Case No. 14-cv-1157 because the defendants allegedly breached the settlement agreement. When the court denied the plaintiff's Rule 60(b) motion, it explained that it lacked jurisdiction to reopen the case:
>
>> The court dismissed this case with prejudice under the terms of the parties' stipulation for dismissal; it did not retain jurisdiction to enforce the terms of the settlement. The court lacks jurisdiction to vacate the dismissal and will not reopen this case. Magruder v. Fid. Brokerage Servs. LLC, 818 F.3d 285, 288 (7th Cir. 2016) ("[I]f parties settle litigation that arose under federal law, any contest about that settlement needs an independent jurisdictional basis."). "A disagreement about whether parties to a settlement have honored their commitments is a contract dispute." See Jones v. Ass'n of Flight Attendants-CWA, 778 F.3d 571, 573 (7th

8

> Cir. 2015) (citing <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, at 378, 381 (1994)). The court does not have diversity jurisdiction under 28 U.S.C. §1332 and it therefore lacks subject matter jurisdiction over any contract dispute. The court will deny the plaintiff's motion to vacate.
>
> As for the plaintiff's assertions that there were other cavities that he did not learn of until after the settlement, if he wants to pursue a cause of action regarding those injuries, he must do so in a separate lawsuit.

<u>Howard v. Schrubbe</u>, Case No. 14-cv-1157, Dkt. No. 69 at 3. If the plaintiff wants to pursue a claim that the defendants breached the settlement agreement in Case No. 14-cv-1157, he must pursue such a claim in state court.

The plaintiff claims that in addition to his allegations that the defendants breached the settlement agreement in Case No. 14-cv-1157, DeLap, Schettle and Schrubbe "further displayed deliberate indifference to the plaintiff's known serious dental needs when they failed to arrange for treatment of his cavities following his 2019 visit to Dental Associates" and "retaliated against the plaintiff in response to him filing complaints and '1157 by ensuring that he did not fully receive treatment following his 2019 visit to Dental Associates." Dkt. No. 1 at ¶¶25-26. These conclusory allegations against DeLap, Schettle and Schrubbe simply describe how or why the plaintiff believes they breached the settlement agreement. The plaintiff does not make any new allegations against DeLap, Schettle and Schrubbe for conduct they engaged in that he believes violated his constitutional rights. The complaint does not contain any allegations against DeLap, Schettle and Schrubbe that do not relate to their alleged breach of the settlement agreement in Case No. 14-cv-1157. The plaintiff fails to state a claim for relief against DeLap, Schettle and Schrubbe under §1983 and he may not proceed against them on his breach of settlement claim.

The plaintiff also claims that the Doe defendants conspired to retaliate against him in response to his complaints and lawsuits against the HSU. These allegations also relate to the plaintiff's belief that the settlement agreement in Case No. 14-cv-1157 was breached. The complaint's only specific allegation against a Doe defendant is that a few weeks after the plaintiff's 2019 appointment with Dental Associates, he received a pass to the HSU, where a staff member opened his mail and told him that it was bill from the

outside dental provider and that she would forward it to the appropriate party for payment. Dkt. No. 1 at ¶7. Based on this, the plaintiff alleges that, "[u]pon information and belief, the Doe defendants intercepted the subsequent bills and correspondence from Dental Associates and Americollect in an effort to hide the fact that a bill had not been paid and was attached to the plaintiff, personally." Id. at ¶16. Next, the plaintiff alleges that, "[n]ow with confirmation that the Defendants had breached their agreement, the plaintiff filed a Rule 60(b) motion in '1157 seeking to reopen the case based on the post-settlement conduct of the Defendants." Id. at ¶17.

The plaintiff raised these allegations in his Rule 60(b) motion in Case No. 14-cv-1157 (although he didn't attribute them to the Doe defendant Green Bay MPAA staff and Green Bay business office staff). This complaint is another attempt to litigate his claim that the defendants breached the settlement agreement in Case No. 14-cv-1157. The court previously told him that he cannot do this.

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). The plaintiff's allegations against the Doe defendants are entirely speculative and do not support a claim for relief. The plaintiff has not alleged misconduct with any specificity such that the court could infer that any Doe defendants violated the plaintiff's constitutional rights.

The plaintiff has not stated a plausible claim for relief under federal law. Thus, the court lacks jurisdiction based on a federal question. See 28 U.S.C. §1331. If the plaintiff believes that Green Bay MPAA and business office staff had a hand in the alleged breach of the settlement agreement in Case No. 14-cv-1157, he has the option to include those allegations if he decides to file a breach of settlement claim in state court. He may not raise them in this court.

The plaintiff does not allege the citizenship of the named defendants, nor does he allege an amount in controversy exceeding $75,000 to satisfy diversity jurisdiction. See 28 U.S.C. §1332. Regarding the named defendants, the plaintiff alleges only where they used to work; given the length of time that has passed since the

complaint allegations in Case No. 14-cv-1157, it is possible that the named defendants no longer work for the Wisconsin Department of Corrections and/or no longer reside in Wisconsin. Based on the terms of the settlement agreement, which the plaintiff attached to his complaint in this case (Dkt. No. 1 at 9-12), the amount in controversy of a contract dispute based on breach of the settlement agreement would not exceed $75,000. See Herrnreiter v. Chi. Hous. Auth., 281 F.3d 634, 636–37 (7th Cir. 2002) ("A settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case . . .."). The terms of the settlement agreement call for, in relevant part, a payment of $8,500 from the defendants to the plaintiff, waiver of the plaintiff's legal loan debts, referral of the plaintiff to a dentist, withholding of 25% of the plaintiff's settlement check for restitution to the DOC and each party to pay their own costs and attorneys' fees. Dkt. No. 1 at 9-12. Because the amount in controversy does not exceed $75,000, the court lacks diversity of citizenship jurisdiction over the plaintiff's state law claim even if the defendants live in different states than the plaintiff. See 28 U.S.C. §1332. The court makes no determination on the merits of any state law claim the plaintiff may have.

      The complaint fails to state a claim under federal law and the court lacks jurisdiction over the plaintiff's state law claim. Accordingly, the court must dismiss this case for lack of subject matter jurisdiction.

Dkt. No. 7 at 9-13.

The plaintiff's proposed amended complaint is yet another attempt to litigate his claim that the defendants breached the settlement agreement in Case No. 14-cv-1157. The court has twice advised the plaintiff that he cannot bring this state law claim in federal court. Also, in Case No. 14-cv-1157, the court advised the plaintiff that if he wanted to pursue a claim based on other cavities he didn't learn about until after the settlement agreement, he could file a separate case regarding those alleged injuries.

While the plaintiff's proposed amended complaint is an attempt to sue based on conduct that occurred after the settlement agreement, the plaintiff

11

Case 2:22-cv-00708-PP   Filed 06/19/23   Page 11 of 14   Document 10

nonetheless has not stated a plausible claim for relief against DeLap, Schettle and Schrubbe. The plaintiff claims that DeLap, Schettle and Schrubbe failed to provide him with treatment for his serious dental needs for four years (from October 2019 to 2022), but he has not alleged any specific action taken by any of these defendants. This might be because DeLap, Schettle and Schrubbe no longer have any involvement in the plaintiff's dental treatment. Schettle and Schrubbe worked at Waupun when the plaintiff was incarcerated there. DeLap *was* the dental director of the DOC's Bureau of Health Services. The proposed amended complaint does not allege that these defendants had any involvement in the plaintiff's dental treatment after the settlement agreement in Case No. 14-cv-1157.[5] To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[5] The plaintiff attached to his original complaint the Mutual Release and Settlement Agreement from Case No. 14-cv-1157, which was signed by the parties in April 2019. Dkt. No. 1 at 9-14. The Agreement provides in relevant part:

> 3. Wisconsin DOC further agrees within 90 days to refer [the plaintiff] to a non-DOC community dentist for a dental examination and treatment. DOC agrees to pay for this treatment and to follow the recommendations provided by the referral dentist. In addition, if the referral dentist believes that referral to a periodontist in appropriate, Wisconsin DOC agrees to pay for periodontal treatment as determined required [sic] by the periodontist, except for any cosmetic treatment.

Dtk. No. 1 at 10 ¶3. The Agreement *does not* indicate that DeLap, Schettle or Schrubbe should personally take any action.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Iqbal, 556 U.S. at 663-64. The plaintiff's conclusory allegations that DeLap, Schettle and Schrubbe failed to provide him with treatment for his serious dental needs for four years (from October 2019 to 2022) do not state a claim for relief.

The court will give the plaintiff an opportunity to file a second amended complaint. The court will send the plaintiff a blank amended complaint form. His second amended complaint must be limited to allegations related to other cavities he did not learn about until after the settlement agreement in Case No 14-cv-1157. The plaintiff's second amended complaint *must not* include a claim for breach of the settlement agreement in Case No. 14-cv-1157. Any claim for breach of the settlement agreement in Case No. 14-cv-1157 is not legally related to the plaintiff's claim regarding new cavities that he didn't learn about until after the settlement agreement. See 28 U.S.C. §1367(a). If the plaintiff wants to bring such a claim, he must bring it in state court.

The court will defer ruling on the plaintiff's motion to amend, construed as a motion to alter or amend judgment. If the plaintiff files a second amended complaint by the deadline set below, the court will screen it under 28 U.S.C. §1915A and, if it states a claim, the court will grant the plaintiff's motion to alter judgment and allow the plaintiff to proceed on his second amended

13

complaint. If it does not state a claim, the court will deny the plaintiff's motion to alter or amend judgment.

### IV. Conclusion

The court **CONSTRUES** the plaintiff's motion for leave to file amended complaint as a motion to alter or amend judgment and **DEFERS RULING** on the motion. Dkt. No. 9.

The court **ORDERS** that the plaintiff may file a second amended complaint limited to his allegations regarding cavities that he did not learn about until after the settlement agreement in Case No. 14-cv-1157. The plaintiff must file his second amended complaint in time for the court to receive it by the end of the day on **July 21, 2023**. If the plaintiff files a second amended complaint in time for the court to *receive* it by the end of the day on July 21, 2023, the court will screen it under 28 U.S.C. §1915A and, if it states a claim, the court will grant the plaintiff's motion to alter judgment and allow the plaintiff to proceed on his second amended complaint. If the second amended complaint does not state a claim, the court will deny the plaintiff's motion to alter or amend judgment. If the court does not receive a second amended complaint by the end of the day on July 21, 2023, this case will remain closed and the court will take no further action.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**