UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                           Plaintiff,

              v.                                        Case No. 22-cv-708-pp

LISA ALBRECHT, DREW DELFORGE,
DR. ANGELO PANOS and CANDACE WHITMAN,

                           Defendants.

**ORDER CONSTRUING PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AS MOTION TO ALTER JUDGMENT AND
GRANTING MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 9),
SCREENING SECOND AMENDED COMPLAINT (DKT. NO. 11) AND
REOPENING CASE**

Joshua Howard, who is incarcerated at Fox Lake Correctional Institution
and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging
that the defendants breached a settlement agreement reached in a previous
case (Howard v. Schrubbe, Case No. 14-cv-1157-pp (E.D. Wis.)) and violated
his constitutional rights. Dkt. No. 1. The court screened the complaint under
28 U.S.C. §1915A and dismissed the case without prejudice for lack of subject-
matter jurisdiction. Dkt. No. 7. The plaintiff filed a motion for leave to amend
the complaint, dkt. no. 9, along with a proposed amended complaint, dkt. no.
9-1. On June 19, 2023, the court issued an order that construed the plaintiff's
motion to amend as a motion to alter judgment, deferred ruling on the motion
and allowed the plaintiff to file a second amended complaint. Dkt. No. 10 at 14.
The plaintiff since has filed a second amended complaint. Dkt. No. 11. This

1

order screens the second amended complaint, construes the plaintiff's motion to amend as a motion to alter judgment, grants the plaintiff's motion to alter judgment and reopens the case.

## I.     Screening the Second Amended Complaint (Dkt. No. 11)

### A.     Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    Second Amended Complaint

The plaintiff has sued Lisa Albrecht, assistant health services manager at Fox Lake Correctional Institution; Dr. Drew Delforge, dentist at Fox Lake; Dr. Angelo Panos, dental director of the Bureau of Health Services (BHS); and Candace Whitman, health services manager. Dkt. No. 11 at 1-2. The plaintiff summarizes his claims as follows:

> The Defendants are medical professionals within the DOC and the plaintiff is an inmate. This action raises claims that the Defendants were deliberately indifferent to the plaintiff's known serious dental needs from 2019 to the present, partly due to him filing a civil action and involving the courts in his treatment.
>
> The plaintiff has been under the care of the DOC since 2002 and in 2014 he filed a lawsuit alleging the medical and dental staff had failed to timely and properly treat his serious dental needs. That action resulted in an agreement signed on 4.02.19 that the plaintiff would be evaluated by a non-DOC dental provider and would then receive any recommended treatment by an outside dentist.

3

Id. at ¶¶ 1-2.

The plaintiff alleges that before an incarcerated person can be sent off-site for dental treatment, the BHS dental director must approve it and once approved, the institution's dental and "HSU" (health services unit) staff coordinate the appointment. Id. at ¶3. The plaintiff states that on June 9, 2019, while housed at Green Bay Correctional Institution, he was taken to Princeton Dental Care where a Dr. Lehnert recommended work on a broken molar that previously had been repaired and identified several serious cavities near the gum lines that needed filling. Id. at ¶4. The plaintiff alleges that "[u]pon information and belief," Dr. Lehnert's findings were reviewed by Panos and incorporated into the plaintiff's dental file. Id. at ¶5.

The plaintiff alleges that about three months later, he was taken to Dental Associates, Ltd., to begin his treatment. Id. at ¶6. The dentist allegedly began his treatment but told the plaintiff that due to the amount of work, he would need to do it over the course of at least two appointments. Id. The plaintiff alleges that despite being aware of the plaintiff's need for treatment, Panos failed to approve or otherwise arrange for the plaintiff to be sent off-site for further treatment in 2019. Id. at ¶7. The plaintiff alleges that he remained at Green Bay throughout 2020. Id. at ¶8.

In early 2021, the plaintiff allegedly complained to the court that he had not been sent out for further treatment and the court ordered the Department of Corrections to file a response. Id. at ¶9. On July 9, 2021, the DOC admitted that due to an oversight a dental bill had not been paid and the plaintiff had

4

not been put on the list for off-site dental treatment. Id. The DOC stated that because it had been more than a year since the plaintiff's last appointment, policy required him to have an evaluation appointment before any work would be done. Id. at ¶10. The plaintiff alleges that, upon information and belief, this policy either does not exist or is not applicable to his situation and was used as a pretext to give the appearance of treating his dental needs without having to pay the substantial costs of the needed treatment that had been previously identified. Id. at ¶11.

The plaintiff alleges that in July 2021, he was taken to Dental Associates, his teeth were examined and the dentist found three new cavities. Id. at ¶12. The plaintiff allegedly informed the dentist that since his last visit he had started to experience pain around the molars on the right side of his mouth in addition to the pain and sensitivity he had previously reported. Id. The plaintiff states that, upon information and belief, Panos reviewed the findings from this appointment and incorporated them into the plaintiff's dental file. Id. at ¶13. Despite having had the prerequisite pretreatment evaluation, Panos allegedly failed to approve or otherwise arrange for the plaintiff to be sent off-site for treatment. Id. at ¶14.

The plaintiff alleges that in November 2021, he was transferred to Fox Lake Correctional Institution, and upon arrival, he immediately wrote to the dental unit and asked if he was still on the list for off-site treatment. Id. at ¶15. The plaintiff states that a short time later, Delforge replied that Panos was on vacation but that he would inquire upon his return. Id. at ¶16.

5

The plaintiff alleges that when he did not hear back, he wrote to Delforge on June 9, 2022, complaining that the teeth on the right side were hurting and asking about treatment. Id. at ¶17. Four days later, Delforge allegedly replied that the off-site treatment appointment had been approved and that he would forward his request to Panos for follow up. Id. at ¶18.

The plaintiff states that on September 13, 2022, he wrote to Delforge informing him that the pain was getting worse. Id. at ¶19. Three days later, Delforge allegedly replied that he would forward the request to Panos for follow-up. Id. at ¶20.

The plaintiff alleges that on October 12, 2022 he sent an ICRS complaint alleging that the defendants "were intentionally not providing the treatment he clearly needed." Id. at ¶21. The "ICE" (institution complaint examiner) investigating the complaint allegedly talked to Panos, Albrecht and Whitman, who confirmed that the plaintiff had been waiting for treatment of the cavities identified in April 2019 and July 2021, but that it had not been scheduled. Id. at ¶22. The plaintiff states that since it had been over a year since his last evaluation, Panos cited the previously applied policy and stated that the plaintiff would have to go through another evaluation before treatment could be scheduled. Id. Whitman allegedly informed the ICE that the plaintiff was scheduled to be seen in February 2023, which was the earliest date available. Id. at ¶23. On November 21, 2022, Panos affirmed the plaintiff's ICRS complaint. Id.

The plaintiff alleges that on February 13, 2023, he returned to Dental Associates to have his teeth evaluated. Id. at ¶24. The dentist allegedly documented "the substantial need for fillings," "inquired why they were not being asked to treat the problems but to only do a 'cleaning'" and noted that due to the deterioration she would recommend a metal filling rather than the typical composite material. Id. The plaintiff states that he replied that he was told this appointment had to happen first. Id. The plaintiff alleges that he "relayed the increased pain, discomfort and sensitivity he was experiencing since his last appointment and based on that and the new cavities she identified, the dentist recommended that the plaintiff not delay his treatment any longer." Id. at ¶25. The plaintiff alleges that, "[u]pon information and belief, the updated findings and recommendations from the February 2023 appointment were reviewed by Defendant Panos and incorporated into the plaintiff's dental file." Id. at ¶26.

The same day the plaintiff returned from Dental Associates (February 13, 2023), he allegedly wrote to Delforge and asked about a follow-up appointment now that the assessment had been done. Id. at ¶27. One week later, Delforge allegedly replied that HSU would be setting up these appointments and that nothing had yet been scheduled. Id. at ¶28.

The plaintiff alleges that on May 11, 2023, he wrote and asked about the status of his treatment and said the pain was getting worse. Id. at ¶29. Four days later, Delforge allegedly replied that HSU coordinates the appointments for off-site dental and that he was forwarding the request to them. Id. at ¶30.

7

The plaintiff states that he has not heard back from Albrecht and Whitman. Id. at ¶31.

The plaintiff alleges that some of his cavities are now decades old and are causing him significant pain daily because it hurts whenever he eats or drinks a cold beverage. Id. at ¶33. He states that while some of his untreated cavities were identified in his file as of 2010-11, the extent of his dental health problems was fully documented when he saw Dr. Lehnert in June 2019. Id. at ¶35. The plaintiff alleges that as of June 2019, Panos knew the plaintiff needed treatment and "interfered with the plaintiff receiving the agreed upon treatment from an off-site provider by failing to timely approve and schedule the appointment[]" and "[w]hen confronted with this failure on two occasions, Panos agreed to only schedule a 'cleaning' based on some policy which requires that the patient be seen within a year of receiving treatment." Id. The plaintiff claims that Panos's failure to treat the plaintiff's serious dental needs from June 2019 to the present amounts to deliberate indifference in violation of the Eighth Amendment. Id. at ¶36.

The plaintiff claims that Delforge has been aware of the plaintiff's need for treatment and has been responsible for his treatment since the plaintiff came to Fox Lake in 2021 and, despite being informed on several occasions that the plaintiff has been experiencing pain and discomfort, he failed to provide any treatment, which amounts to deliberate indifference in violation of the Eighth Amendment. Id. at ¶37.

8

The plaintiff claims that Albrecht and Whitman, as heads of the HSU at Fox Lake, have been aware of the plaintiff's dental needs since 2022 and have failed to schedule him to be treated at Fox Lake or an off-site provider, in violation of the Eighth Amendment. Id. at ¶38.

The plaintiff claims that, "[u]pon information and belief, the Defendants have failed to act due to the plaintiff having already filed a lawsuit against DOC staff for failing to treat his serious dental needs in an effort to punish him and not 'reward' him with the requested treatment, in further violation of his rights under the First Amendment." Id. at ¶39.

For relief, the plaintiff seeks damages and declaratory relief. Id. at 9.

C.    Analysis

The Eighth Amendment to the United States Constitution, which protects incarcerated persons from being subjected to cruel and unusual punishment and which is incorporated to the states under the Fourteenth Amendment, includes a right to adequate medical care. Berry v. Peterman, 604 F.3d 435, 439 (7th Cir. 2010) (citing Estelle v. Gamble, 29 U.S. 97, 104-05 (1976)). To state an Eighth Amendment claim, the plaintiff must allege (1) that he suffered from an objectively serious condition, and (2) that the defendants were deliberately indifferent to that condition. Id. at 440 (citation omitted); see also McGowan v. Hulick, 612 F.3d 636, 641 (7th Cir. 2010).

The plaintiff alleges that he experiences significant pain from his unfilled cavities, which amounts to an objectively serious medical need under the Eighth Amendment. Id. (citing Board v. Farnham, 394 F.3d 469, 480-81 & n.4,

9

482-83 (7th Cir. 2005)). Deliberate indifference "occurs when a defendant realizes that a substantial risk of serious harm to the prisoner exists, but the defendant disregards that risk." Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The plaintiff has sufficiently alleged that the defendants acted with deliberate indifference.

The plaintiff may proceed against Panos based on allegations that after the plaintiff's July 2021 evaluation with Dental Associates where the dentist found three new cavities, Panos failed to approve or otherwise arrange for the plaintiff to be sent off-site for treatment. He also may proceed against Panos based on allegations that, after the plaintiff transferred to Fox Lake in November 2021, Panos failed to approve to send him off-site for treatment of his cavities in 2022 and 2023. In addition, the plaintiff states a claim against Delforge based on allegations that he did not provide the plaintiff with any treatment despite his knowledge that the plaintiff was experiencing dental pain and not receiving off-site treatment. The plaintiff also may proceed against Albrecht and Whitman based on allegations that they failed to schedule him to be treated at Fox Lake or send him to an off-site provider for treatment.

The plaintiff may not proceed against the defendants based on allegations that they failed to treat the dental needs the plaintiff had before the settlement agreement in Case No. 14-cv-1157. In its June 19, 2023 order allowing the plaintiff to file a second amended complaint, the court determined that his proposed first amended complaint was "yet another attempt to litigate his claim that the defendants breached the settlement agreement in Case No.

10

14-cv-1157." Dkt. No. 10 at 11. The court stated that while the plaintiff's proposed amended complaint also attempted to sue based on conduct that occurred after the settlement agreement in Case No. 14-cv-1157, he had not stated a plausible claim for relief against the defendants named in that pleading (DeLap, Schettle and Schrubbe). Id. at 11-12. The court gave the plaintiff an opportunity to file a second amended complaint *limited to allegations related to other cavities he didn't learn about until after the settlement agreement in Case No. 14-cv-1157*. Id. at 13. The court reiterated that the second amended complaint *must not* include a claim for breach of the settlement agreement in Case No. 14-cv-1157 and that any such claim is not legally related to the plaintiff's claim regarding *new cavities that he didn't learn about until after the settlement agreement.* Id. The court reminded the plaintiff that he could bring a claim for breach of the settlement in state court. Id.

Finally, the plaintiff appears to allege that the defendants acted with a retaliatory motive because of his prior lawsuit, Case No. 14-cv-1157. But the plaintiff did not "plead[] factual content that allows the court to draw the reasonable inference" that the defendants retaliated against him. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim for retaliation, the plaintiff must plausibly allege that his protected activity was a motivating factor behind the defendants' conduct. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The plaintiff did not plausibly explain what "led [him] to believe [his] treatment was because of" the protected activity. Dorsey v. Williams, Case No. 21-1858, 2022 WL 337192, at *1 (7th Cir. Feb. 4, 2022) (citing Kaminski v.

11

Elite Staffing, Inc., 23 F.4th 774, 777-78 (7th Cir. 2022)) The plaintiff's suggestion that the defendants sought to punish him relies on speculation and is insufficient. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff has not stated a retaliation claim.

Because the plaintiff's second amended complaint states a claim for relief, the court will grant the plaintiff's motion for leave to file amended complaint (construed as a motion to alter or amend judgment) and reopen the case.

## II.  Conclusion

The court **CONSTRUES** the plaintiff's motion for leave to file amended complaint as a motion to alter or amend judgment and **GRANTS** the motion. Dkt. No. 9.

The court **ORDERS** that the clerk's office must **REOPEN** the case; the second amended complaint (Dkt. No. 11) is the operative complaint.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the second amended complaint and this order to the Wisconsin Department of Justice for service on defendants Lisa Albrecht, Drew Delforge, Dr. Angelo Panos and Candace Whitman. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the second amended complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

13

advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 30th day of September, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

14